UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISTA MOTORS LTD., LLC, a Nevada limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1-10-CV-1394<br>) Jury Trial Demanded |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant | ) |

## COMPLAINT FOR REFUND

NOW COMES Plaintiff, VISTA MOTORS LTD., LLC, by and through its counsel of record, for its complaint for refund against the United States of America, and states as follows:

### THE PARTIES

1. Vista Motors Ltd., LLC (the "LLC") is a limited liability company organized under the laws of the state of Nevada, with its principal place of business in Chicago, Illinois.

2. The Defendant is the United States of America.

### JURISDICTION AND VENUE

3. Original jurisdiction of this civil action is conferred upon this court by virtue of §§26 U.S.C. 7422(a) and 28 U.S.C. 1340 and 1346(a)(1).

4. Venue is proper in this district pursuant to 28 U.S.C. 1402(a)(1) because the LLC's principal place of business is located within this judicial district.

5. This is a civil action by the LLC against the United States of America for a refund of penalties relating to an alleged intentional failure to file Forms 8300 in years 2004 and 2005.

6. The LLC has satisfied the prerequisite of 26 U.S.C. §7422(a) because the LLC filed on July 2, 2008 with the Internal Revenue Service ("IRS"), claims for refund on Forms 843. The dollar amount of the claims for 2004 and 2005 were $39,379 and $129,932, respectively. Six months has passed since the July 2, 2009 filing date and the IRS and Defendant have not formally responded to the LLC's claims for refund. Copies of the filed Forms 843 are attached hereto as Exhibit A.

## FACTUAL BACKGROUND

7. The LLC operates a car dealership in the Chicago, Illinois area (the "Dealership").

8. During 2004 and 2005, the Dealership sold thousands of new and used vehicles to the general public. During 2004 and 2005, the LLC sold approximately 3819 and 3590 cars, respectively.

9. Many of the sale transactions in 2004 and 2005 involved the tender of cash payments by the purchaser of greater than $10,000 at the time of sale, which would have triggered the filing of Form 8300 by the LLC.

10. The LLC did, in fact, file forms 8300 on numerous occasions during 2004 and 2005, as required by law.

11. However, during 2004, the LLC inadvertently failed to file Forms 8300 on two sale transactions that should have triggered the filing by the LLC of Forms 8300.

12. Similarly, during 2005, the LLC inadvertently failed to file Forms 8300 on five sale transactions that should have triggered the filing by the LLC of Forms 8300.

13. Ultimately and, after an internal review by the LLC, the LLC discovered that all seven Forms 8300 for 2004 and 2005, collectively, should have been filed, and the LLC did take corrective action, by filing such Forms 8300 on or about May 16, 2006.

14. The LLC's failure to timely file the seven Forms 8300 was based solely on inadvertent mistake and oversight by the LLC's employees during 2004 and 2005. For example, with respect to at least two of the seven transactions, the LLC's internal files still have original copies of the Forms 8300, prepared and dated in 2005, that were somehow mistakenly left in the file and not mailed to the IRS (or mailed but with no proof of mailing).

15. The IRS subsequently proposed assessments of penalties pursuant to 26 U.S.C. 6721 and 6722 against the LLC for the LLC's "intentional disregard" for timely filing Forms 8300 in 2004 and 2005.

## COUNT I

### Damages and Payment of Refund of at least $169,311, plus interest

16. Paragraphs 1 to 15 are restated and incorporated herein as paragraph 16.

17. In proposing an assessment against the LLC for the penalties, the IRS concluded that the penalties were the result of, or due to, an intentional disregard of the filing requirements pursuant to Section 6721(e) or other section of the Internal Revenue Code.

18. Intentional disregard has been construed to mean willful, conscious, purposeful, or intentional behavior. Here, the LLC's inadvertent mistakes or oversight does not rise to the level of intentional disregard.

19. Further, the LLC has a prior history of regularly and timely filing Forms 8300, and this was the first time that the LLC had ever been found by the IRS to have failed to fulfill a timely obligation to file Form 8300.

20. The LLC has satisfied all preconditions for obtaining a full refund of the IRS penalties for 2004 and 2005.

## **PRAYER FOR RELIEF**

Wherefore, the LLC prays for the following relief:

A. That judgment be entered against the United States of America in an amount of at least $169,311, plus statutory interest;

B. That the United States of America, through the Internal Revenue Service, be ordered to pay the LLC a full refund of at least $169,311, plus statutory interest;

C. That the LLC be awarded reasonable administrative and litigation costs pursuant to 26 U.S.C. 7430; and

D. For such other relief as may be just and proper.

Respectfully submitted,

Vista Motors Ltd., LLC

By: _____
One of Its Attorneys

Jonathan E. Strouse
Anna Z. Krasinski
Holland & Knight LLP
131 S. Dearborn St., 30th Flr.
Chicago, Illinois 60603
Tel: (312) 263-3600
Fax: (312) 578-6666
Firm No. 37472

# 9161749_v1