| Form **843** (Rev. February 2009) Department of the Treasury Internal Revenue Service | Claim for Refund and Request for Abatement<br>▶ See separate instructions. | OMB No. 1545-0024 |
|---|---|---|

Use Form 843 if your claim or request involves:
 (a) a refund of one of the taxes (other than income taxes and an employer's claim for FICA tax, RRTA tax, or income tax withholding), shown on line 3,
 (b) an abatement of FUTA tax or certain excise taxes, or
 (c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
 (a) an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),
 (b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
 (c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s) | Your social security number |
|---|---|
| Vista Motors Ltd., LLC | |
| Address (number, street, and room or suite no.) | Spouse's social security number |
| 1111 N. Clark Street | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Chicago, Illinois | 88 : 0438177 |
| Name and address shown on return if different from above | Daytime telephone number<br>( ) |

**1 Period.** Prepare a separate Form 843 for each tax period
From  01 / 01 / 2005  to  12 / 31 / 2005

**2 Amount** to be refunded or abated
$ $129,932

**3 Type of tax.** Indicate the type of tax to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment     ☐ Estate     ☐ Gift     ☐ Excise     ☐ Income

**4 Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: ___6721(e), 6722(c)___

**5a Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
☐ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Date(s) of payment(s) ▶ ___3/20/2009___

**6 Original return.** Indicate the type of return filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706     ☐ 709     ☐ 940     ☐ 941     ☐ 943     ☐ 945
☐ 990-PF  ☐ 1040    ☐ 1120   ☐ 4720   ☑ Other (specify) ▶ Forms 8300

**7 Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

See attached

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

X _[signature]_     Assistant Managing Partner     X 7/2/09
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)     Date

Signature (spouse, if joint return)     Date

| Paid Preparer's Use Only | Preparer's signature ▶ _[signature]_ | Date 7/2/09 | Check if self-employed ☐ | Preparer's SSN or PTIN 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 |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | Holland & Knight LLP, 131 South Dearborn St., 30th Floor, Chicago, IL | EIN 59 : 0663819<br>Phone no. ( 312 ) 715-5741 | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.     Cat. No. 10180R     Form **843** (Rev. 02-2009)

Exhibit A

Attachment to Line 7 of 2009 Form 843 of Vista Motors Ltd., LLC,
Filed with Respect to Taxable Year 2005

*I. Factual Background*

Following an examination of the books and records of Vista Motors Ltd., LLC (EIN: 88-0438177) (the "Taxpayer") in 2006, IRS Agent Gina Chen proposed asserting intentional disregard penalties against the Taxpayer under Internal Revenue Code sections[1] 6721(e) and 6722(c) with respect to taxable year 2005. These penalties were proposed in connection with the alleged failure to file Forms 8300 with respect to five automobile purchase transactions that occurred in 2005. The penalties originally asserted with respect to 2005 were as follows: (i) $159,000 pursuant to section 6721(e), and (ii) $14,243 pursuant to section 6722(c). Thus, total intentional disregard penalties of $173,243 were originally asserted against the Taxpayer with respect to 2005.

By a letter dated January 26, 2009, after extensive discussions with the Taxpayer's advisors and in response to the Taxpayer's request that the proposed penalties be rejected and withdrawn, IRS General Appeals Officer Joanne V. Middleton "determined that a 25% concession of the penalty should be given." As a consequence of this determination, the new penalties assessed with respect to 2005 totaled $129,932, broken down as follows: (i) $119,250 pursuant to section 6721(e), and (ii) $10,682 pursuant to section 6722(c).

On or about March 20, 2009, the Taxpayer paid to the IRS $129,932 by check, in person at the IRS Chicago Walk-in Service Center, in satisfaction of the penalties assessed by IRS under sections 6721(e) and 6722(c) for taxable year 2005.

*II. Applicable Legal Standards*

Failure to file an information return such as a Form 8300 generally subjects the defaulting party to a penalty of $50 per return.[2] If the IRS deems the failure to file to have been an "intentional disregard" of the statute's requirements, however, the penalty may be increased to the greater of $25,000 per return or the amount of cash received in the transaction at issue up to a maximum of $100,000 per transaction.[3] In addition, failure to provide a payee statement to the payor of amounts required to be reported on a Form 8300 typically subjects the defaulting party to a separate penalty of $50 per statement,[4] or if the IRS determines that the failure was due to intentional disregard, an increased penalty of the greater of $100 per statement or 10 percent of the amount required to be reported.[5]

A failure is "due to intentional disregard if it is a knowing or willful (i) failure to file timely, or (ii) failure to include correct information," and this determination is based upon all the facts and

---

[1] Hereafter, unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended (the "Code"), and the Treasury regulations promulgated thereunder.
[2] I.R.C. § 6721(a).
[3] I.R.C. § 6721(e)(2)(C).
[4] I.R.C. § 6722(a).
[5] I.R.C. § 6722(c).

circumstances in a particular case.[6] "The 'intentional disregard' set forth in [section] 6721's penalty provision means conduct that is willful, a term which in this context requires ... that a party act voluntarily in withholding requested information, rather than accidentally or unconsciously."[7] The facts and circumstances to be considered in determining whether a failure is due to intentional disregard include, but are not limited to: (i) whether the failure to file is part of a pattern of conduct of failing to file; (ii) whether correction was promptly made upon discovery of the failure; (iii) whether the filer corrects a failure to file within 30 days after the date of any written request from the IRS to file; and (iv) whether the amount of the reporting penalties is less than the cost of complying with the filing requirement.[8]

### A. The Tysinger Case

On facts very similar to those involved in the Taxpayer's case, a federal district court held in favor of the taxpayer and refunded all of the intentional disregard penalties assessed by the IRS, with interest. In *Tysinger Motor Co., Inc. v. United States* (hereafter, "Tysinger"), the taxpayer was a family owned car dealership, much like the Taxpayer.[9] The IRS conducted its first compliance review of the taxpayer in Tysinger in 1992 and determined that the taxpayer had failed to file several Forms 8300. No penalties were assessed. The IRS then conducted a second compliance review of the taxpayer in 1996, and again discovered that the taxpayer had failed to file certain required Forms 8300. In this latter instance, the IRS assessed nominal penalties for the failures and required both the taxpayer's president and the taxpayer's CFO to sign an "Acknowledgment of Requirement to File Form 8300," which set out the general requirement to file Form 8300 along with a statement regarding the penalties associated with not filing. At this point, the taxpayer's president directed the implementation of a system to trigger the filing of Form 8300 whenever sufficient cash payments were received, delegating to the taxpayer's CFO the task of implementing this system.

During tax years 1999 and 2000, the taxpayer sold 3,000 automobiles, eight of which involved cash payments sufficient to trigger a Form 8300 filing requirement. Only four of these eight transactions were actually reported to the IRS on Forms 8300. The other four transactions "were not reported to the IRS apparently because the [finance and insurance] Managers responsible for these sales did not bring them to the attention of [the taxpayer's President]."[10] When the IRS completed a third compliance review of the taxpayer, with respect to tax years 1999 and 2000, the failure to file four Forms 8300 with respect to those years was discovered.

The IRS agent responsible for the review recommended that the IRS assess the maximum intentional disregard penalties against the taxpayer for failing to file the Forms 8300. The agent based her recommendation on the facts that (i) the taxpayer had past violations, (ii) the president and CFO of the taxpayer had both acknowledged in writing the reporting requirements, and (iii) the new compliance system implemented in response to past violations "did not work in these

---

[6] Treas. Reg. § 301.6721-1(f)(2), (3). *See also* Treas. Reg. § 301.6722-1(c)(1).
[7] *Gerald B. Lefcourt, P.C. v. United States*, 125 F.3d 79, 83 (2d Cir. 1997).
[8] *See* Treas. Reg. § 301.6721-1(f)(3).
[9] 428 F. Supp. 2d 480 (E.D. Va. 2006).
[10] *Id.* at 482.

[four] instances."[11] The IRS agent thus "made this recommendation even though she never concluded that any member of [the taxpayer's] management made a conscious decision to evade the cash reporting requirements."[12] The IRS agreed with the agent's recommendation and assessed the maximum penalties along with penalties under section 6722 for failing to furnish payee statements. When the case went to court, the IRS essentially argued that under the circumstances any failure to file was automatically willful. The court found that this IRS logic was flawed and, "impermissibly change[d] an intent-based statute into one of strict liability."[13]

In ordering the taxpayer a refund of the intentional disregard penalties assessed, the court reasoned that "[t]here [was] no proof that anyone at the company made a conscious decision not to report the transactions; the failures to report were simply mistakes."[14] The court saw as persuasive evidence of the taxpayer's desire to comply with the laws the fact that the taxpayer had "filed a Form 8300 for half the reportable transactions."[15] The court was careful to point out that neither the CFO nor the taxpayer had anything to gain by not filing the Forms 8300. No money laundering or other wrongful conduct was alleged. Thus, the explanation that the hectic environment of the workplace and the CFO's frequent absences from the office simply resulted in him mistakenly overlooking notes written by a former employee suggesting the need for Forms 8300 "made more sense than the alternative explanation [offered by IRS]."[16] The court explained that, "[s]loppiness is not the same as willfulness, particularly in a case such as this one where the business had extraordinarily few cash transactions. Less than one-half of one percent (8 out of 3000) of Tysinger's sales during 1999 and 2000 involved reportable amounts of cash."[17] Thus, the court held, the taxpayer was entitled to a refund of the penalties paid, plus interest from the date of payment.

*III. Impropriety of Assessing Intentional Disregard Penalties Under the Taxpayer's Facts*

The Taxpayer has no prior history of not filing Forms 8300. This is the first time the Taxpayer has ever been found to have failed to fulfill an obligation to file Form 8300. Despite the Taxpayer's history of consistent compliance, and notwithstanding the lack of any evidence whatsoever that the Taxpayer intentionally failed to file any Forms 8300, the IRS has asserted intentional disregard penalties with respect to the taxable year at issue. Intentional disregard requires that a party act voluntarily and willfully, and not accidentally or unconsciously. The IRS has not even asserted that the Taxpayer purposely or willfully failed to file the Forms 8300 at issue. There is simply no basis at all for the imposition of an intentional disregard penalty in this case, as the legal prerequisites to asserting such penalties are not present.

In *Tysinger*, the taxpayer was given a second and third chance without any attempt by IRS at assertion of intentional disregard penalties for filing failures. Yet in the Taxpayer's case, where this is the Taxpayer's first mistake with respect to Form 8300 filing requirements, the IRS has inexplicably and inappropriately sought to impose maximum intentional disregard penalties. In

---

[11] *Id.*
[12] *Id.* at 483.
[13] *Id.*
[14] *Id.* at 485.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 486.

*Tysinger*, the court found that because the taxpayer had filed half of the forms required in the years at issue, and thus had a 50 percent compliance rate in those years, the taxpayer clearly was attempting to comply with the Form 8300 filing requirements. The court noted that the taxpayer had nothing to lose in filing the forms, and found that it was much more likely that the failure to file had simply been an accident, rather than an intentional act of noncompliance.

In the Taxpayer's case, the IRS compliance review found that the Taxpayer had a compliance rate of *85% for 2004, 83% for 2005, and 100% for the four months examined in 2006.* The Taxpayer is thus substantially more compliant than the taxpayer in *Tysinger* was.[18] In addition, the IRS review of the Taxpayer disclosed that, with respect to some of the purported failures to file, completed Forms 8300 are included in the relevant deal folders, and the Taxpayer's employees who were responsible for completing such forms stated that these completed forms had been mailed to the IRS. There is thus tangible evidence with respect to the Taxpayer illustrating the Taxpayer's efforts to comply with the law, and there are statements from employees of the Taxpayer attesting to having told the Taxpayer's managers that completed forms had been mailed to IRS. It is completely inappropriate to assess intentional disregard penalties on these facts.

As in *Tysinger*, the Taxpayer is involved in extraordinarily few cash transactions. Only 30 out of 3631 sales in 2005, or less than 1 percent of such sales, involved reportable amounts of cash. Yet in 83 percent of those cases the Taxpayer properly filed completed Forms 8300. In the remaining five cases, at worst the Taxpayer simply accidentally failed to file the Forms 8300. In three of these five instances, however, the deal folder reflects a completed Form 8300, and in at least one such case, an employee of the Taxpayer has represented that the form was mailed to the IRS. Thus, it is certainly possible that these forms were mailed but somehow never received or fully processed. In any case, these five Forms 8300 were not intentionally kept from the IRS and should not form the basis for the assessment of intentional disregard penalties.

Based upon the foregoing, the Taxpayer requests a full refund of penalties in the amount of $129,932 plus interest running from the date of March 20, 2009.

# 6400236_v2

---

[18] *See id.* at 485.